UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DAVID MULLINS,**

        **Plaintiff,**                   **CIVIL ACTION NO. 04-CV-72966-DT**

        vs.                            **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**JOHN E. POTTER,**            **MAGISTRATE JUDGE MONA K. MAJZOUB**
**POSTMASTER GENERAL OF**
**THE UNITED STATES,**

        **Defendant.**
_____/

### AMENDED ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF CHUCK QUINN

Plaintiff filed this Title VII action on August 4, 2004. On June 28, 2005, Plaintiff filed the instant Motion to Compel Deposition of Chuck Quinn. Defendant filed a response on July 1, 2005. On August 29, 2005, the parties presented oral argument through counsel. Defendant argues that Plaintiff's request to depose Quinn should be denied because it is untimely and not relevant to any exhausted Title VII claim that is not time barred.

On December 8, 2004, the Court ordered that all discovery in this case be completed by May 1, 2005. On May 10, 2005, Plaintiff noticed the depositions of Chuck Quinn and Deborah Darcy for May 24, 2005. Plaintiff was deposed by Defendant on May 17th, 2005. Sometime before May 24th, 2005 Defendant's attorney notified Plaintiff's attorney that neither Quinn nor Darcy would be available on May 24. On May 25, 2005 the parties entered a stipulation to extend the discovery deadline to take the deposition of Deborah Darcy on June 28, 2005. The Stipulation stated that the "Discovery Deposition of Deborah Darcy must be completed by . . . June 30, 2005," but made no mention of Chuck Quinn. Plaintiff did not learn that Defendant was unwilling to produce Quinn for

deposition until sometime shortly after the stipulation was entered. The parties took and completed Ms. Darcy's deposition on June 28, 2005. Plaintiff filed its Motion to Compel Deposition of Chuck Quinn on the same day.

Plaintiff's filed his original EEOC complaint on January 4, 2002. Quinn was the postmaster of the Wayne-Westland post office in January of 2003. Plaintiff alleges that Quinn's decision not to promote him in January 2003 was made in retaliation for his prior EEOC complaint. Plaintiff has not amended his earlier EEOC complaint or filed a new EEOC complaint containing this allegation. Defendant argues that it refused to produce Quinn for deposition because Plaintiff's action against Quinn for failure to promote is time barred.

Specifically, Defendant argues Plaintiff's claim against Quinn is time barred under *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). In *Morgan,* the Supreme Court held that 42 U.S.C. 2000e-5(e)(1) bars an employee from recovering for a "discrete personnel action" that occurred more than 300 days prior to the date the employee first filed an EEOC complaint. Quinn's alleged failure to promote is clearly a "discrete personnel action." However, 42 U.S.C. 2000e-5(e)(1) does not bar an employee for recovering for "discrete personnel actions" taken in retaliation for a prior EEOC complaint. *Delisle v. Brimfield Township Police Dep't*, 94 Fed. Appx. 247, 253-254 (6th Cir. 2004). Since Plaintiff alleges that Quinn retaliated against him for filing a prior EEOC complaint, Plaintiff's action against Quinn is not barred by *Morgan*.

Plaintiff would be able to depose Quinn even if the statute of limitations prevented Plaintiff from recovering for Quinn's failure to promote him. Generally, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Quinn allegedly told another post office employee that he had decided not to promote Plaintiff because he had prior activity with the EEOC. It is likely that Quinn has knowledge of Plaintiff's employment history with the Post Office and some of the facts surrounding his discrimination claim. The *Morgan* court noted that, in an employment action, evidence of employment actions falling outside the statute of limitations time period will often be admissible to help prove the discriminatory nature of actions falling within the time period. *Morgan*, 536 U.S. at 110-111.

According to Fed. R. Civ. P. 26 (b)(2), however, discovery "shall be limited by the court if it determines that . . . the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." General discovery in this case ended on May 1, 2005. Defendant received notice that Plaintiff intended to depose Chuck Quinn no later than May 10, 2005. Defendant waited until late May or early June to object to Plaintiff request to depose Quinn. Plaintiff did not file the instant motion on June 28, 2005. At oral argument, Plaintiff's counsel averred that he delayed in filing the instant motion because he was in trial for much of June. The Court finds that an order limiting discovery under Fed. R. Civ. P. 26(b)(2) is not warranted on these facts.

Therefore, Plaintiff's Motion to Compel Deposition of Chuck Quinn is **GRANTED**. Defendant will produce Quinn for deposition within 21 days of the date of this order.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

DATED: 10/06/05                       s/ Mona K. Majzoub
                                               MONA K. MAJZOUB
                                               UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: 10/06/05                              s/ Lisa C. Bartlett
                                             Courtroom Deputy