UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MULLINS,

       Plaintiff,                        Case No. 04-72966

v.

                                     Hon. John Corbett O'Meara

JOHN E. POTTER, Postmaster
General of the United States,

       Defendant.
_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendant's motion for summary judgment, filed July 14, 2005. Plaintiff submitted a response brief on December 7, 2005. Pursuant to LR 7.1(e)(2), the court has determined that oral argument is not necessary.[1]

**BACKGROUND FACTS**

Plaintiff, David Mullins, has been employed by the United States Postal Service since 1981. Mullins filed an EEOC charge in January 2002, alleging that he was discriminated against on the basis of his sex. This charge was based upon a warning letter that was drafted regarding Plaintiff's performance. The letter was never finalized or issued to Plaintiff.

On August 27, 2002, Plaintiff contacted an EEO counselor and alleged that the Postal Service's failure to reassign him to the Plymouth post office was discriminatory. Plaintiff's initial EEOC charge was amended to include this claim on September 11, 2002.

---

[1] The court scheduled a hearing for December 21, 2005. On that date, apparently due to some misunderstanding, Plaintiff's attorney did not appear. Rather than reschedule the hearing, the court determined that it would rule on the briefs.

Plaintiff filed this suit on August 2, 2004, alleging discrimination based upon marital status under the Elliott-Larsen Civil Rights Act ("ELCRA") and retaliation for filing an EEOC charge under Title VII. Plaintiff has abandoned his ELCRA claim. According to Plaintiff's summary judgment response brief, his retaliation claim is based upon the Postal Service's failure to promote him in January 2003. Plaintiff did not file an EEOC charge (or amend his initial charge) with respect to his retaliation claim.

Defendant seeks summary judgment on Plaintiff's retaliation claim for various reasons, the most salient being that Plaintiff failed to exhaust his administrative remedies as required by Title VII.

## **LAW AND ANALYSIS**

It is undisputed that Plaintiff did not file an EEOC charge with respect to his failure to obtain a promotion in January 2003. Generally, employees must exhaust their administrative remedies by filing EEOC charges and obtaining right-to-sue letters before filing suit in federal court under Title VII. Beneford v. Frank, 943 F.2d 609, 612 (6th Cir. 1991). See also National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002).

Plaintiff asserts that his retaliation claim is "reasonably related" to his prior EEOC charge and that, therefore, he was not required to file a separate EEOC charge regarding retaliation in order to preserve that claim. Although Plaintiff may have prevailed under the previous understanding of the law, the Supreme Court in Morgan has made clear that Plaintiff was required to file an EEOC charge related to his retaliation claim.

> [Discrete] discriminatory acts are not actionable if time barred, *even when they are related to acts alleged in timely filed charges.* Each discrete discriminatory act starts a new clock for filing charges alleging that act. . . .

> \* \* \*
>
> Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination *and each retaliatory adverse employment decision* constitutes a separate actionable "unlawful employment practice."

Morgan, 536 U.S. at 114 (emphasis added).

Plaintiff relies upon an unpublished Sixth Circuit decision, Delisle v. Brimfield Twp. Police Dept., 94 Fed. Appx. 247, 253-54 (6th Cir. 2004) (Clay, J.). The Delisle court concluded that the Morgan holding was limited to its facts and that it only barred untimely claims that occurred prior to the filing of an EEOC charge, rather than those that occurred subsequent to the filing of a charge. The broad language of Morgan does not, however, lend itself to such an interpretation. See Delisle, 94 Fed. Appx. at 260 (Batchelder, J., dissenting). The Sixth Circuit so held in a prior unpublished case, Sherman v. Chrysler Corp., 47 Fed. Appx. 716, 721 (6th Cir. 2002) ("Those retaliation claims based on acts subsequent to the filing of that charge, however, were never the subject of an EEOC charge, and therefore were not exhausted.") (citing Morgan). Other courts have generally agreed. See, e.g., Romero-Ostolaza v. Ridge, 370 F.Supp.2d 139, 149 (D.D.C. 2005) ("Morgan has, on the whole, been understood to also bar discrete acts occurring after the time period, after the filing of an administrative complaint, when a plaintiff does not file a new complaint or amend the old complaint but instead presents these acts for the first time in federal court.") (citing cases).

Based upon the above analysis, Plaintiff has failed to exhaust his administrative remedies with respect to his failure to promote/retaliation claim, which was never the subject of an EEOC charge. Accordingly, the court will grant Defendant's motion for summary judgment.

**ORDER**

  IT IS HEREBY ORDERED that Defendant's July 14, 2005 motion for summary judgment is GRANTED.

          s/John Corbett O'Meara
          John Corbett O'Meara
          United States District Judge

Dated:  December 29, 2005